**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

In re:

**KATHLEEN M. NERSINGER,**

CASE NO. 06-20806

Debtor.      DECISION & ORDER
_____

## BACKGROUND

On May 18, 2006, Kathleen M. Nersinger (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor: (1) indicated that she was the owner of real property that was her residence, located at 698 Cardile Drive, Webster, New York (the "Cardile Drive Property"); (2) indicated that the value of the Cardile Drive Property was $127,700.00, and it was subject to secured claims of $112,058.65; and (3) claimed a $30,961.09 exemption on Schedule C for her interest in the Cardile Drive Property, pursuant to New York Civil Practice Law and Rules Section 5206(a) (the "Homestead Exemption Statute").

The case docket indicates that: (1) Peter Scribner, Esq. (the "Trustee") was appointed as the Debtor's Trustee; (2) the Trustee conducted a Section 341 Meeting of Creditors on June 13, 2006; (3) on June 22, 2006, the Trustee commenced an Adversary Proceeding against Countrywide Home Loans, Inc. ("Countrywide") to have the Court avoid the liens of the two mortgages that Countrywide held

against the Cardile Drive Property, on the grounds that they were unrecorded prior to the filing of the petition, and, therefore, unperfected; (4) on June 22, 2006, the Trustee also filed a Motion to Sell the Cardile Drive Property, pursuant to a contract entered into by the Debtor prior to the filing of her petition; (5) no objection was made by the Trustee or any other party in interest to the Debtor's claimed $30,961.09 homestead exemption in the Cardile Drive Property before July 13, 2006, as required by Rule 4003(b)[1]; (6) on July 12, 2006, the Motion to Sell the Cardile Drive Property was approved by the Court; (7) on August 27, 2006, the Trustee closed on the sale of the Cardile Drive Property and received gross proceeds of $126,800.78; and (8) on October 4, 2006, the Court orally granted the Trustee's Motion for Summary Judgment to avoid the liens of the Countrywide mortgages.

On October 6, 2006, the Trustee filed a motion (the "Exemption Motion") objecting to the Debtor's claimed $30,961.09 homestead exemption, which asserted that: (1) the Trustee did not object to

---

[1] Rule 4003(b) provides that:

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person.

F.R.B.P. § 4003 (2006).

**BK. 06-20806**

the Debtor's claimed homestead exemption, as set forth on her Schedule C, because she was entitled to as much as a $50,000.00 exemption above any mortgage liens, pursuant to the Homestead Exemption Statute;[2] (2) the net proceeds of the sale of the Cardile Drive Property after closing costs were $119,514.18; (3) in accordance with the provisions of Section 522(g)[3] and this Court's Decision & Order in *In re Hartsock*, Ch. 7 Case No. 97-22473 (W.D.N.Y. January 15, 1998) ("*Hartsock*"), the Debtor was not entitled to claim an exemption in any of the proceeds from the sale

---

[2] Section 5206 (Real property exempt from application to the satisfaction of money judgment) provides, in part, that:

(a) Exemption of homestead. Property of one of the following types, not exceeding *fifty* thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:

1. a lot of land with a dwelling thereon, ...

C.P.L.R. § 5206 (2006).

[3] Section 522(g) provides that:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if-

(1)
   (A) such transfer was not a voluntary transfer of such property by the debtor; and

   (B) the debtor did not conceal such property; or

(2) The debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C. § 522 (2006).

**Page 3**

of the Cardile Drive Property that were received as the result of the Trustee's avoidance of the Countrywide mortgage liens, because those two mortgages were voluntary transfers by the Debtor of interests in the Property; (4) as of the closing date of the Cardile Drive Property, there was $114,511.65 due on the two Countrywide mortgages, including principal and accrued interest to the date of closing, so that the Debtor's allowable exemption under the Homestead Exemption Statute should be limited to $5,002.53 (the $119,514.18 net proceeds less the $114,511.65 due on the two Countrywide mortgages).

On October 25, 2006, the Debtor filed opposition (the "Opposition") to the Exemption Motion, which asserted that: (1) pursuant to Rule 4003(b), the deadline to file an objection to the Debtor's Schedule C claim of a $30,961.09 homestead exemption in the Cardile Drive Property was July 13, 2006, and no party in interest, including the Trustee, objected to the claimed exemption until the Exemption Motion was filed on October 6, 2006; (2) pursuant to Section 522(l),[4] the decision of the United States

---

[4] Section 522(l) provides that:

> (l) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522 (2006).

**BK. 06-20806**

Supreme Court in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) ("*Taylor*") and this Court's Decision & Order in *In re Carpenter*, Ch. 7 Case No. 03-24714 (W.D.N.Y. May 31, 2006) ("*Carpenter*"), the claimed $30,961.09 homestead exemption must be allowed; (3) pursuant to the provisions of Section 522(k), the Debtor's claimed homestead exemption could not be reduced by any administrative expenses incurred by the Trustee in selling the Cardile Drive Property; (4) should the Court not allow the Debtor's claimed $30,961.09 homestead exemption, in addition to not allowing a deduction from any allowable exemption for the administrative expenses incurred by the Trustee of $6,786.60, the mortgage balances due Countrywide should be determined as of the date of the petition, not as of the date of the closing; and (5) the Debtor's alternative homestead exemption should be $13,286.89, representing the $128,000.00 prepetition sale price for the Cardile Drive Property less the mortgage balances due on the two Countrywide mortgages as of the date of the petition.

On October 30, 2006, the Trustee filed an additional letter submission, which asserted, once again, that the Trustee did not object to the Debtor's Schedule C claim of a $30,961.09 homestead exemption, because he interpreted that claim of an exemption to essentially be nothing more than a claim to the equity in the Cardile Drive Property over and above the amounts due on the two

**Page 5**

**BK. 06-20806**

Countrywide mortgages, pursuant to the provisions of the Homestead Exemption Statute, not an actual claim of an exemption of $30,961.09 in the Property or its proceeds.

## DISCUSSION

The facts and circumstances of this case present a matter of first impression for this Court. The issue is whether Section 522(g), which provides that a debtor cannot claim an exemption in property recovered by a trustee through the exercise of his avoidance powers, prevails over Section 522(l), Rule 4003(b) and the decision of the United States Supreme Court in *Taylor*, which provides that property claimed as exempt when the claim is not timely objected to, even if it has no basis in law or fact, is exempt.

On the facts and circumstances of this case, the Court believes that *Taylor* must prevail, so that the Debtor's Schedule C claimed $30,961.09 homestead exemption, not timely objected to, is allowed and must be paid from the proceeds of the sale of the Cardile Drive Property being held by the Trustee.

Although this Court in *Hartsock*, which the Trustee has cited in support of his position, enforced the provisions of Section 522(g), when it held that a debtor could not claim an exemption in a motor vehicle after the trustee obtained a voluntary lien

**Page 6**

release, the debtors in that case had not claimed an exemption in the vehicle prior to the trustee's avoidance of the lien.  As a result, the Court was not presented with the issue in this case, whether a claimed Schedule C exemption made before the avoidance and not timely objected to should be allowed pursuant to *Taylor*, Section 522(l) and Rule 4003(b), notwithstanding the provisions of Section 522(g).

In this case, the Trustee failed to file a timely objection to the Debtor's Schedule C claim of a $30,961.09 homestead exemption. This appears to be because he believed that, notwithstanding the specific dollar amount claimed, which was different from even the $15,641.35 difference between the scheduled value for the Cardile Drive Property of $127,700.00 and the scheduled secured claims of $112,058.65, the exemption would be limited to the actual difference between the value of the Cardile Drive Property and the balances due on the two Countrywide mortgages, pursuant to the provisions of the Homestead Exemption Statue and Section 522(g). This is even though:  (1) the math, based upon the Debtor's schedules, clearly indicated that the Debtor was claiming an exemption for more than just the difference between the value of the Cardile Drive Property and the secured claims; (2) within the thirty-day period provided for by Rule 4003(b) to file an objection to the claimed exemption, the Trustee knew that the two Countrywide

mortgages were unrecorded and that he would be filing an Adversary Proceeding to avoid the liens; and (3) he commenced his Adversary Proceeding within that same thirty-day period.

As the Court stated in *Carpenter*, although some believe the decision of the United States Supreme Court in *Taylor* is harsh, it is, nevertheless, clear. The *Taylor* holding, that unless a claimed exemption is timely objected to, it is allowed, has and will continue to result in cases which appear to some to have unjust results. Nevertheless, that is the law.

Although not necessary to this Decision, it may be instructive to note that on the facts and circumstances of this case, had the Trustee filed a timely objection to the Debtor's Schedule C claim of a $30,961.09 homestead exemption, advising the Court that he had or was going to file an Adversary Proceeding to avoid the two Countrywide mortgages, the Court, pursuant to Section 522(g), would have limited the Debtor's homestead exemption to the difference between the scheduled value of the Cardile Drive Property and the balances due on the two Countrywide mortgages. At that time, the Court would also have addressed the issues of whether: (1) that limited homestead exemption could be reduced by all or a portion of the costs of sale that would be incurred by the Trustee; and (2) the applicable date to determine the balances due on the two

**BK. 06-20806**

Countrywide mortgages was the petition date or the date of the closing.[5]

### CONCLUSION

The Debtor's Schedule C claimed $30,961.09 homestead exemption, not timely objected to, is allowed and must be paid from the proceeds of the sale of the Cardile Drive Property being held by the Trustee.

**IT IS SO ORDERED.**

                              /s/
**HON. JOHN C. NINFO, II
CHIEF U.S. BANKRUPTCY JUDGE**

**Dated: November 9, 2006**

---

[5] Since this Court has determined that the Debtor's allowed exemption from the proceeds of the sale of the Cardile Drive Property is her claimed homestead exemption of $30,961.09, which was not timely objected to, it is not necessary to address these issues.

**Page 9**