**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK**
_____

In re:
                                              CASE NO. 06-20806
**KATHLEEN M. NERSINGER,**

                               **Debtor.**          **DECISION & ORDER**
_____

## BACKGROUND

On November 9, 2006, this Court issued a Decision & Order[1] (the "Nersinger Judgment") that allowed the Debtor a $30,961.09 homestead exemption. Based upon the various pleadings filed and oral arguments made, the Court decided the Trustee's October 6, 2006 Exemption Motion with the understanding that its decision was to be made after only considering the interplay of Section 522(g) on the one hand, and Section 522(l), Rule 4003(b) and the Decision of the United States Supreme Court in *Taylor*,[2] on the other. On that basis, the Court determined that Section 522(l), Rule 4003(b) and *Taylor* prevailed over Section 522(g) when the Trustee had failed to make a timely objection to the Debtor's Schedule C claim of a $30,961.09 homestead exemption, which could only be paid after the Trustee avoided two unrecorded Countrywide mortgages on the Debtor's Cardile Drive Property in an Adversary Proceeding that he

---

[1] The terms defined in the November 9, 2006 Decision & Order will have the same meanings when used in this Decision & Order.

[2] *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992).

**BK. 06-20806**

had commenced before the expiration of the period to object to the Debtor's Schedule C claim of a homestead exemption.

On November 10, 2006, the Trustee filed a motion, pursuant to Rule 9023(a),[3] to amend the Nersinger Judgment (the "Motion to Amend"). The Motion advised the Court: (1) of various facts, which if they could be further developed might result in a determination that the Debtor was equitably estopped from asserting that her claim to a homestead exemption could exceed $16,074.80[4]; and (2) that notwithstanding that the Trustee did not make these arguments during the Exemption Motion proceedings, he believed that the Nersinger Judgment was based upon a manifest error of law, since the Court had failed to consider the provisions of Sections

---

[3] Rule 9023(a) provides that:

> (a) GROUNDS. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of th reasons at law in the courts of the United States; and(2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

F.R.B.P. Rule 9023 (2007).

[4] The Court does not believe, however, that these facts which were known to the Trustee at the time the Exemption Motion was made and argued, but not presented, are the proper basis for the Court to amend or reconsider the Nersinger Judgment under Rule 9023.

**Page 2**

**BK. 06-20806**

551[5], 541(a)(3) and 541(a)(4)[6] and related case law, including the decision in *In re Bethea*, 275 B.R. 127 (Bankr. D.C. 2002) ("*Bethea*").

On November 17, 2006, Family First of New York Federal Credit Union ("Family First"), an unsecured creditor in the case, filed a letter in support of the Trustee's Motion to Amend,[7] and on December 10, 2006, the Debtor filed Opposition to the Motion to Amend, which included a Memorandum of Law.

---

[5] Section 551 provides that:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

11 U.S.C. § 551 (2007).

[6] Section 541(a) provides, in part, that:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:...
>
>> (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.
>>
>> (4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

11 U.S.C. § 541 (2007).

[7] The Trustee had not served the Exemption Motion on Family First or any of the Debtor's other unsecured creditors, so they did not have an opportunity to participate in the Motion.

**Page 3**

**DISCUSSION**

**I. The Debtor's Right to her Schedule C Claimed Homestead Exemption of $30,961.09 in View of the New Statutory and Case Law Presented to the Court by the Trustee and Family First**

The new legal analysis provided by the Trustee and Family First has persuasively demonstrated to the Court how the provisions of Sections 551, 541(a)(3) and 541(a)(4), when combined with the provisions of Section 522(g), protect the rights of unsecured creditors in situations where a trustee avoids a lien and preserves that lien for the benefit of the estate. Those provisions make the interests of the unsecured creditors in the avoided lien superior to those of both subordinate lien creditors and the debtor, where the lien was on otherwise exempt property. In the case where the avoided lien was on otherwise exempt property, the right of a debtor to claim any additional exemption in the avoided and preserved lien, or the underlying property previously subject to the lien, can only be exercised after the avoidance and preservation, and then only if the debtor can prevail under the specific provisions of Section 522(g).

As originally presented, the Court viewed the matter as essentially a two-party dispute between the Trustee, who had failed to make a timely objection to the Debtor's Schedule C claim of a $30,961.09 homestead exemption even though within that period both parties knew that the Trustee's avoidance of the two Countrywide

liens was inevitable, and the Debtor, who had not amended or withdrawn the claimed exemption. As so presented, the Court believes that the Nersinger Judgment was correct.

However, the participation of Family First in the Motion to Amend has focused the Court on the fact that this is not a two-party dispute, but one that involves the rights of Family First and other unsecured creditors, including Countrywide, afforded to them by Sections 551, 541 and 522(g), which include the right not to have the distribution due them by reason of the avoided liens reduced because of the failure of the Trustee to object to the Debtor's claim of an excessive homestead exemption.

The Court is persuaded by the analysis set forth in *Bethea*, to the effect that, on the facts and circumstances of this case: (1) the Trustee's avoidance of the two Countrywide liens was, pursuant to Section 551, automatically preserved for the benefit of the estate and the unsecured creditors, and that upon avoidance and preservation the estate became the replacement holder of the liens; (2) the avoidance and preservation of the liens did not at that time free up additional equity in the Cardile Drive Property beyond that which existed when the Debtor filed her petition; (3) the preserved liens became new post-petition property of the estate pursuant to Section 541(a)(4) and remained intact for the benefit of the creditors of the estate; (4) although the Trustee had sold

**Page 5**

BK. 06-20806

the Cardile Drive Property before the Court actually entered an Order avoiding the two Countrywide liens, the proceeds of the Cardile Drive sale were being held by the Trustee in escrow subject to the liens pending the decision of the Court as to whether they were avoidable; (5) it was only after the avoidance and preservation of the liens that the Debtor became eligible to claim any exemption in the Cardile Drive Property or the proceeds of sale beyond the equity she possessed at the time of the filing of her petition; and (6) as the Court expressed in the Nersinger Judgment, the Debtor cannot meet the requirements of Section 522(g), because the two Countrywide liens were voluntary transfers.

As a result of the foregoing, and notwithstanding the failure of the Trustee to timely object to the Debtor's Schedule C claim of a $30,961.09 homestead exemption, the Debtor's homestead exemption could not exceed the equity she possessed in the Cardile Drive Property at the time of the filing of her petition, being the value of the Property less the balance due on the two Countrywide liens on the date of the filing of the petition.

**II. The Costs and Expenses of the Sale of the Cardile Drive Property and Post-Petition Accrued Interest on the two Countrywide Liens to the Date of the Closing of the Sale of the Cardile Drive Property**

When the Debtor entered into the contract of sale for the Cardile Drive Property, she assumed that the Trustee would abandon the Property and that she would sell it pursuant to the contract of sale. In that event, she would have incurred the closing costs

Page 6

necessary to complete the sale and would have been required to pay the accrued interest on the two Countrywide liens through the date of closing. As the holder of the avoided and preserved Countrywide liens, the estate is entitled to that interest through the date of closing from the proceeds of the sale.

At oral argument on the Motion to Amend, the Court indicated that it believed the Debtor should be charged with the expenses of closing and the accrued interest on the Countrywide liens through the date of closing, costs and expenses she would have otherwise incurred, unless the Debtor could demonstrate that she could have closed the sale and incurred less expenses than those incurred by the Trustee, or that she could have closed the sale earlier than the Trustee, thus incurring less accrued interest on the two Countrywide liens. The Court was advised that the Debtor did not believe that the expenses incurred by the Trustee or the timing of the closing would have been different if the Debtor had closed the sale.

For the foregoing reasons, on reconsideration of these issues, the Court believes that the Debtor's homestead exemption should be limited to $5,002.53, the amount previously paid to the Debtor by the Trustee.

### III. Reconsideration Under Rule 9023

As set forth above, the Court believes that the Nersinger Judgment was incorrect in not taking into account the rights of the

**BK. 06-20806**

Debtor's unsecured creditors, such as Family First, who are protected by the provisions of Sections 551, 541(a)(3), 541(a)(4) and 552(g) in circumstances such as this where the Trustee avoids unrecorded mortgage liens that are automatically preserved for the benefit of the estate, where, as here, the unsecured creditors had no notice or knowledge of the avoidability of the liens within the time required to object to any Schedule C claim of a homestead exemption by the Debtor.

For these reasons, it is appropriate for the Court to reconsider the Nersinger Judgment under the provisions of Rule 9023 and to amend its Judgment as set forth in this Decision & Order.

## CONCLUSION

For the reasons set forth in this Decision & Order, the Debtor's homestead exemption is allowed in the amount of $5,002.53.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　**/s/**
　　　　　　　　　　　　　　　　**HON. JOHN C. NINFO, II**
　　　　　　　　　　　　　　　　**U.S. BANKRUPTCY JUDGE**

**Dated: February 9, 2007**